UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REUBEN RANKE,

     Plaintiff,                                            Case No. 21-11610

v.                                             Honorable Nancy G. Edmunds

DAVID KERNS, and
WILLIAM FEDERSPIEL,

     Defendants.

_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO AMEND [26],
GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND TO
DISSOLVE INJUNCTION [28], AND DENYING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT [40]**

This pro se civil contempt action stems from a 1978 permanent injunction issued in *O'Bryan v. Saginaw County* (Case No. 75-10075). Plaintiff Reuben Ranke names David Kerns, Saginaw County Jail Administrator, and William Federspiel, Saginaw County Sheriff, as defendants in this matter. Pending before the Court are: Plaintiff's motion to amend (ECF No. 26); Defendants' motion for summary judgment and to dissolve injunction (ECF No. 28); Plaintiff's objection to the Magistrate Judge's order denying his motion to compel (ECF No. 39); and Plaintiff's motion for summary judgment (ECF No. 40). All motions are fully briefed. (ECF Nos. 27, 37, 38, 42, 43.) Pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), the motions will be decided on the briefs and without oral argument. For the reasons below, the Court dissolves the 1978 injunction, grants Defendants' motion for summary judgment, denies Plaintiff's motions, and overrules Plaintiff's objection.

## I.      Background

On June 4, 2021, Plaintiff Reuben Ranke filed a "motion to show cause" in the 1975 action, asking the Court to order Defendants to show cause why they should not be held in contempt for violating the 1978 injunction. (Case No. 75-10075, ECF No. 317.) That injunction permanently enjoined Saginaw County from violating prisoners' constitutional rights and set forth specific rights that must be afforded to prisoners. *See O'Bryan v. Saginaw Cnty.*, 446 F. Supp. 436, 437-47 (E.D. Mich. 1978). The Court established the above-captioned case number and docketed the motion within this case.[1]

Plaintiff alleges the injunction was violated while he was incarcerated at the Saginaw County Jail from August 24, 2020 until April 22, 2021. (ECF No. 1, PageID.4.) More specifically, Plaintiff asserts Defendants failed to comply with the permanent injunction as follows:

> 2. That upon admission and during his entire stay at the jail, Petitioner was NOT provided with clean socks as required;
> 3. That upon admission and during his entire stay at the jail[,] Petitioner was NOT provided with two clean sheets as required;
> 4. That Petitioner was never allowed to make the ten minutes per week of local calls as required.
> 5. That Petitioner was not allowed to wear his street clothes to his court hearing on/or about September 3, 2020.
> 6. On or about December 17, 2020, defendant Dave Kerns ended plaintiffs' [sic] receipt of kosher meals. The stated reason for the termination was that petitioner had "violated the rules." In doing so defendant Kerns violated [a

---

[1] This is not the first time Plaintiff filed such a motion. In 2011, Plaintiff sought similar relief stemming from a period of incarceration in 2008 and 2009. (Case No. 75-10075, ECF No. 292.) The Court initially denied Plaintiff's motion as moot due to his transfer to another facility. (*Id.* at ECF No. 306.) On appeal, the Sixth Circuit agreed that any claim for injunctive relief would have been rendered moot by his transfer, but vacated and remanded for further proceedings due to Plaintiff's request for compensatory damages. (*Id.* at ECF No. 315.) Upon remand, a new case number was established, the motion was treated as a civil contempt action, and the parties ultimately settled. (Case No. 11-15712, ECF No. 330, 332, 340.)

provision of the injunction] in that the alleged infraction was not in any way promulgated in the list of proposed violations as required.

7. From the time petitioner arrived at the Saginaw County Jail until he left on April 22, 2021 there were no rules related to kosher meals.

8. That Respondent Dave Kerns was the complaining witness and the hearing officer when Petitioner was terminated from receiving kosher meals in violation of [a provision of the injunction].

(*Id.* at PageID.5.) Plaintiff asks the Court to find Defendants in contempt and award him damages for these alleged violations. (*Id.* at PageID.6.)

In support of their motion for summary judgment and to dissolve the 1978 permanent injunction, Defendants rely on the affidavit of Defendant Kerns,[2] who attests to the following:

3. The Saginaw County Sheriff's Department constructed an entirely new $35.8 million jail facility, which is called the Saginaw County Adult Detention Center.

4. Plaintiff was [a]n inmate in the Saginaw County Adult Detention Center from August 24, 2020 to April 22, 2021.

5. Upon entering the Detention Center, Plaintiff was issued bedding and linens pursuant to the Saginaw County Sheriff's Office Inmate Hygiene Policy. This included:
a. Freshly laundered blankets sufficient to provide comfort under the existing temperature conditions.
b. One clean, firm, nontoxic fire-retardant mattress.
c. One sheet; and,
d. One clean washcloth and bath towel.

6. Plaintiff's linens, including his sheet, were routinely exchanged for freshly laundered linens.

7. Upon entering the Detention Center, Plaintiff was also provided with crocs footwear pursuant to the Inmate Hygiene Policy.
. . .

9. Socks were available to Plaintiff via purchase through the commissary. Socks are available to indigent inmates upon request.

10. The Jail has no record of Plaintiff asking to wear his street clothes to court.

11. Plaintiff and/or his defense attorney could petition the criminal court for an order allowing him to wear street clothes to any court proceedings.

12. Had such an order issued from the criminal court, Plaintiff would have been permitted to wear his street clothes to the court proceedings.

---

[2] Attached to Defendant Kerns' affidavit are the relevant policies.

13. As far as I am aware, no court ever issued such an order regarding any of Plaintiff's non-trial court proceedings.

14. Plaintiff was provided regular and continuous telephone access in compliance with the Saginaw County Sheriff's Office Telephone Access Policy while he was housed at the Detention Center.

15. This included free telephonic access for legal matters, personal phone calls collect or at cost, and text-only access to a cellular phone.

16. Indeed, Plaintiff's telephone record shows he regularly used the telephone during his incarceration.

(ECF No. 28-2, PageID.204-05.) Defendant Kerns further avers that Plaintiff requested kosher meals soon after arriving at the Detention Center. (*Id.* at PageID.206.) That request was approved. In September 2020, Plaintiff complained that his kosher meals were being served on regular inmate trays and touching non-kosher trays. Arrangements were made for Plaintiff's kosher meals to be served on kosher trays/Styrofoam containers. Beginning in December 2020, Plaintiff filed grievances complaining about missing food items on his meal trays. Due to these grievances, Defendant conducted a video review, which revealed several instances of Plaintiff eating non-kosher food. (*Id.* at PageID.206-07.) On December 17, 2020, Defendant Kerns interviewed Plaintiff. Plaintiff declined to watch the videos and admitted eating food from other inmates' non-kosher trays. (*Id.* at PageID.207.) Defendant Kerns concluded that Plaintiff violated certain rules by providing false statements regarding the necessity for kosher meals and misusing jail property.[3] According to Defendant, Plaintiff agreed that a fair discipline for the rule violations would be to revoke his kosher meals and not follow-up any further into his grievances regarding alleged kosher meal violations. (*Id.* at PageID.208.) Plaintiff has submitted his own

---

[3] Those rules, "lying or providing a false statement to a staff member" and "misuse of jail property," are found in the Saginaw County Jail Inmate Guide. (ECF No. 28-2, PageID.251-52.)

declaration, denying that he admitted to any wrongdoing regarding his kosher meals or agreed to the revocation of his request for those meals. (ECF No. 40, PageID.458.)

II.     **Analysis**

Defendants move to dissolve the 1978 permanent injunction. Both Defendants and Plaintiff move for summary judgment.

A.      **The Court Dissolves the 1978 Permanent Injunction.**

Defendants argue that significant changes in the facts, laws, and circumstances have rendered the terms of the 1978 permanent injunction outdated. Plaintiff opposes dissolution of the injunction and asks the Court to enforce it.

Courts "may exercise their 'sound judicial discretion' to modify an injunction 'if the circumstances, whether of law or fact, obtaining at the time of its issuance have changed, or new ones have since arisen.'" *See LEP IP, LLC v. Hustler Cincinnati, Inc.*, 810 F.3d 424, 426 (6th Cir. 2016) (quoting *System Federation No. 91 Railway Employees' Dep't v. Wright*, 364 U.S. 642, 647 (1961)); *see also Gooch v. Life Investors Ins. Co.*, 672 F.3d 402, 414 (6th Cir. 2012) ("Where significant changes in the law or circumstances threaten to convert a previously proper injunction into an instrument of wrong, the law recognizes that judicial intervention may be necessary to prevent inequities.") (internal quotation marks and citation omitted). In determining whether to modify or dissolve an injunction, "[t]he essential question to be answered is whether changed circumstances require modification so as to effectuate the purposes underlying the initial grant of relief." *Western Surety Co. v. FutureNet Grp., Inc.*, No. 16-CV-11055, 2017 U.S. Dist. LEXIS 7343, at *9 (E.D. Mich. Jan. 19, 2017) (internal quotation marks and citation omitted).

The purpose of the 1978 permanent injunction was to ensure that Saginaw County provides inmates with their constitutional rights. *See O'Bryan v. Saginaw Cnty.*, 437 F. Supp. 582, 601-02 (E.D. Mich. 1977). In finding in favor of the plaintiffs in 1977, the court noted it was only "within recent years" that the courts had replaced a "hands off policy" of avoiding interference in the administration of state prisons with an increase in judicial scrutiny in an effort to improve the conditions of prisoners' confinement. *See id.* at 594. Following a trial on the merits and a tour of the facility in use at the time, *see id.* at 589, the court specifically attributed the constitutional violations in part to "the structural arrangement of the present jail," *see id.* at 593.

During the last forty-five years, a robust body of law has developed addressing prisoners' civil rights. Moreover, Saginaw County recently constructed "an entirely new $35.8 million jail facility." (ECF No. 28-2, PageID.204.) Defendants also note that policies have been revised to account for evolving technology and circumstances.[4] For example, Plaintiff claims Defendants violated the 1978 injunction by not providing him with socks and two sheets upon intake. The relevant provision of the injunction sets forth that "[a]ll inmates on admission to the jail shall be provided with a minimum of one pair of clean socks, two clean sheets, and one clean blanket." *See O'Bryan*, 446 F. Supp. at 438. But Plaintiff was provided with crocs footwear and could have purchased socks from the commissary; socks are also available to indigent inmates upon request. (ECF No. 28-2, PageID.204-05). Moreover, the current hygiene policy sets forth that prisoners are to be

---

[4] Defendants have provided the Court with a copy of the current policies in place. (*See* ECF No. 28-2.) Plaintiff notes that the policies' copyright date is a few days or months after the end of the underlying period of incarceration but there is no indication that these versions of the policies differed from the policies in effect at the time.

provided freshly laundered blankets, one mattress, one sheet, and one clean washcloth and bath towel and that linen exchange shall occur at least weekly. (ECF No. 28-2, PageID.210-11.) Plaintiff himself concedes that the allegations regarding phone use have been resolved in light of the new building providing phones for inmates in each pod. Also, Defendants have provided the Court with the prison's policy related to food services, which includes a provision on religious diets. (ECF No. 28-2, PageID.230.)

In light of the intervening changes in both fact and law, the Court finds it no longer necessary to continue to enforce the 1978 permanent injunction to ensure that Saginaw County provides prisoners with their constitutional rights. To the contrary, requiring prison officials to abide by outdated requirements may impede their ability to adapt to new technologies and circumstances and may result in unintended inequities. Accordingly, the Court dissolves the permanent injunction set forth in *O'Bryan*, 446 F. Supp. at 437-47.

**B.    The Court Declines to Hold Defendants in Contempt or Award Plaintiff Compensatory Damages.**

Even though the Court has dissolved the injunction, the Court will address Plaintiff's allegations, which stem from a time period the injunction was still in effect. Defendants argue that the allegations do not rise to the level of a constitutional violation. Plaintiff responds by noting he has brought a civil contempt action, not a civil rights action under 42 U.S.C. § 1983.

As discussed above, the permanent injunction was issued following a finding by the court that Saginaw County's practices and procedures violated constitutional guarantees. *See O'Bryan*, 437 F. Supp. at 601-02. Without deciding the issue, the Court

notes that most of Plaintiff's allegations do not give rise to a constitutional claim.[5] *See*

*Rhodes v. Chapman*, 452 U.S. 337, 347 (1981) (To be unconstitutional, conditions must

"deprive inmates of the minimal civilized measures of life's necessities"); *see also United*

*States v. Brown*, 367 F.3d 549, 553-54 (6th Cir. 2004) (noting that the Constitution

prohibits officials from forcing a defendant to stand trial before a jury while dressed in

prison clothes); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) (finding that a

prisoner failed to state a claim where he did not allege a complete denial of hygiene

products or that he "suffered extreme discomfort" as a result of the denial); *Mitchell v.*

*Kalamazoo County Sheriff's Dep't*, No. 1:14-cv-824, 2014 U.S. Dist. LEXIS 175194, at

*12 (W.D. Mich. Dec. 19, 2014) (noting that a jail's failure to provide socks for free "does

not constitute the denial of the minimal civilized measure of life's necessities") (internal

quotation marks and citation omitted). Regardless, the Court declines to hold Defendants

in contempt of court. "A party that seeks civil contempt sanctions must demonstrate by

clear and convincing evidence that the opposing party knowingly violated a definite and

specific order of the court." *Gascho v. Global Fitness Holdings, LLC*, 875 F.3d 795, 800

(6th Cir. 2017) (internal quotation marks and citation omitted). Because contempt is

"serious" and "a measure of last resort, not first resort," *id.* at 799, "courts must construe

any ambiguity in favor of the party charged with contempt." *id.* at 800 (citation omitted).

The terms of the injunction applied to individuals confined in the Saginaw County

Jail, which the court had toured prior to issuing the injunction. *See O'Bryan*, 437 F. Supp.

---

[5] Plaintiff has since filed a civil rights lawsuit stemming in part from the same period of incarceration covered in this case. (*See* Case No. 23-11300.) There, Plaintiff alleges Defendants, along with two other defendants, violated his constitutional rights by denying his request for kosher meals. The Court does not reach those claims here.

at 589. But Plaintiff was incarcerated in a brand new building and not that same facility. Thus, the Court does not find that Defendants violated "a definite and specific order of the court." *See Gascho*, 875 F.3d at 800. And even if the injunction could be construed as applicable to the current facility, Plaintiff's allegations relate to technical provisions of the injunction. Considering the time that has lapsed since issuance of the injunction along with the current policies, the Court does not find that any of the alleged violations rise to the level of contempt.

And even if the Court were to find that Defendants violated the injunction, judicial sanctions would not be appropriate. Generally, the sanctions imposed after a finding of civil contempt serve either or both of two purposes: to coerce further compliance and to compensate for losses sustained. *See United States v. United Mine Workers*, 330 U.S. 258, 303-04 (1947) (citation omitted). The Court's dissolution of the injunction renders the first purpose inapplicable here. With regard to the second purpose, there is no evidence of any loss or harm sustained by Plaintiff as a result of the alleged violations.[6]

In sum, the Court declines to hold Defendants in contempt and even if it were to hold otherwise, Plaintiff would not be awarded compensatory damages. Defendants are therefore entitled to summary judgment, and Plaintiff's motion for summary judgment will be denied.

Prior to the filing of the cross-motions for summary judgment, Plaintiff sought leave to amend to clarify his original allegations and to add similar allegations regarding

---

[6] The Court has reviewed Plaintiff's declaration (ECF No. 40, PageID.458) but does not find it shows he suffered loss or harm due to any alleged violations of the permanent injunction. For example, he states that he "shivered at night" due to the temperature being kept "uncomfortably low." This may have remained true even if Defendants had complied with the precise requirements of the injunction.

another, later period of incarceration. In light of the Court's analysis above, amendment would be futile. Thus, Plaintiff's motion to amend is denied. *See Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989). Plaintiff also objects to the Magistrate Judge's order denying his motion to compel.[7] The grant of summary judgment in favor of Defendants renders that objection moot.

## III.  Conclusion

For the foregoing reasons, Plaintiff's second motion to amend (ECF No. 26) is DENIED, Defendants' motion for summary judgment and to dissolve injunction (ECF No. 28) is GRANTED, Plaintiff's motion for summary judgment (ECF No. 40) is DENIED, and Plaintiff's objection (ECF No. 39) is OVERRULED. Accordingly, the permanent injunction in *O'Bryan v. Saginaw Cnty.*, 446 F. Supp. 436, 437-47 (E.D. Mich. 1978), is DISSOLVED, and judgment will be entered in favor of Defendants.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: September 26, 2023

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 26, 2023, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager

---

[7] The Magistrate Judge denied Plaintiff's motion to compel after questioning whether the discovery sought was necessary to the resolution of the pending dispositive issues, which are "primarily legal issues." (ECF No. 35.)